UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:15-cv-1581-WTL-TAB |
| | ) |
| MINERVA SORIANA, et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION FOR DEFUALT JUDGMENT

This cause is before the Court on the Plaintiff's Motion for Default Judgment (Dkt. No. 17). The Court held a hearing on the motion; the Defendants were given notice of the hearing but did not appear. The Court, being duly advised, **GRANTS** the motion for default judgment to the extent and for the reasons set forth below. The Court also **GRANTS** the Plaintiff's motion to dismiss Defendant Minerva Soriano (Dkt. No. 23) and **DISMISSES** the claims against her without prejudice. Finally, the Court **GRANTS** the Plaintiff's motion to withdraw its motion for default judgment and replace it with an amended motion to correct certain scriveners errors in the original (Dkt. No. 27). **The Clerk is directed to note at Docket Number 17 that it has been replaced with Docket Number 27.**

## I. STANDARD

Entry of default was made against Defendant Soriano's Mexican Restaurant, LLC ("Soriano's") on November 22, 2016. Dkt. No. 13. Following entry of default, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "[O]nce a default has been established, and thus liability, the plaintiff must establish his

entitlement to the relief he seeks." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Therefore, on proper application by a party for entry of default judgment, the court must conduct an inquiry in order to ascertain the amount of damages with "reasonable certainty." *Id.*

## II. BACKGROUND

As alleged in the Complaint and established by the entry of default, Plaintiff J&J Sports Productions, Inc. ("J&J") purchased the exclusive national television distribution rights to *Timothy Bradley v. Juan Manuel Marquez, WBO Welterweight Championship Fight Program* (the "Program") which was telecast on October 12, 2013. This included all under-card bouts and fight commentary in the Program. An investigator for J&J, Jennifer Hart, visited Soriano's on the night of October 12, 2013, and observed the Program being broadcast at Soriano's on three televisions to between 22 and thirty customers. Soriano's did not obtain a license from J&J to broadcast the Program. Rather, Soriano's willfully intercepted and broadcast the Program without authorization in violation of either the Communications Act of 1934, Title 47 U.S.C. 605, *et seq.,* or The Cable & Television Consumer Protection and Competition Act of 1992, Title 47 U.S. Section 553, *et seq.*

## III. DISCUSSION

As noted above, J&J asserts in its Complaint that Soriano's violated one of two statutory provisions: 47 U.S.C. § 553 or 47 U.S.C. § 605. "[T]he interception of cable television programming as it travels through the air is to be governed by § 605, while the interception of cable television programming traveling over a cable network (and specifically, the manufacture and distribution of decoder boxes) is to be governed by § 553(a)." *United States v. Norris*, 88 F.3d 462, 468 (7th Cir. 1996). Under § 605(e)(3)(C)(i), a claimant may elect actual damages or statutory damages. Statutory damages for each violation of § 605 range from $1,000 to $10,000,

as the court considers just. In addition, enhanced damages are available where the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain. 47 U.S.C. § 605(e)(3)(C)(ii). In such cases, the court may in its discretion increase the award of damages by an amount of not more than $100,000 for each violation. Likewise, under § 553(c)(3)(A), a claimant may elect actual or statutory damages. Statutory damages for each violation of § 553 range from $250 to $10,000, as the court considers just. 47 U.S.C. § 553(c)(3)(A)(ii). In addition, enhanced damages are available where the court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain. 47 U.S.C. § 553(c)(3)(B). However, under § 553, the upper limit for an increase in damages that a court may award in its discretion is $50,000. *Id.*

The Plaintiffs have not provided any evidence to the Court regarding the manner in which the Program was broadcast; rather, they have been prevented from discovering this information by the Defendants' failure to appear in this action. Because the damages the Court ultimately considers just under these circumstances fall within the parameters of either statute, and because the entry of default has established, as a factual matter, that either one or the other statute has been violated, the Court need not definitely determine the applicable statute.

Turning first to actual or statutory damages, in its discretion, the Court imposes a statutory damages award of $2,200, which is the amount that J&J would have been entitled to from Soriano's for a license to broadcast the Program, based on the investigator's estimate that Soriano's has an occupancy capacity of between 100 and 150. *See* Dkt. No. 11 (establishing licensing fees based on capacity). The Court considers this award just in light of the small size of the crowd (22-30 patrons), the lack of a cover charge, and the fact that there is no evidence that Soriano's promoted the Program in order to entice additional customers to come to the

restaurant.  The Court has considered J&J's argument that basing the statutory damages award on the license fee "sends the message to Defendants and other would-be signal pirates that it is better to pirate Plaintiff's signal illegally than to obtain the Program legally because if they are caught then they will only have to pay what they were going to have to pay anyway for the program."  Dkt. No. 27-4 at 3.  However,  rather than supporting a larger statutory fee award, the Court finds that that argument supports an award of enhanced fees, which are akin to punitive damages that are meant, in large part, as a deterrent.

Turning now to J&J's request for enhanced damages, the Court finds that enhanced statutory damages are appropriate.  The willfulness of Soriano's violation of the law in broadcasting the Program is established both by the entry of default, *see* Complaint at ¶ 13 (alleging willfulness) and by common sense.  *See, e.g.*, *Time Warner Cable of N.Y. City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems.").  The Complaint also alleges, and the default establishes, that it was done "for purposes of direct or indirect commercial advantage or private financial gain."  Accordingly, the Court awards J&J enhanced damages of three times the statutory damages, or $6,600.

Finally, J&J requests an award of attorney's fees in the amount of $2,710.50 and costs in the amount of $425.  The Court finds these amounts to be reasonable and appropriately supported.  *See* Dkt. Nos. 17-8, 24, and 27-8.  Accordingly, the request for fees and costs is **GRANTED**.

The Court will enter judgment consistent with this Entry.

SO ORDERED: 9/29/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

4

**Copy by United States Mail to:**

**Soriano's Mexican Restaurant LLC**
**d/b/a Soriano's Mexican Restaurant**
**c/o Minerva Soriano, Registered Agent**
**3749 W. Washington St.**
**Indianapolis, IN 46241**

**Minerva Soriano, Registered Agent**
**Soriano's Mexican Restaurant LLC**
**d/b/a Soriano's Mexican Restaurant**
**1228 N Gladstone Ave**
**Indianapolis IN 46201**

Copies to all counsel of record via electronic notification